INVESCO FINANCIAL SERVICES, INC. v. C. D. ELKS, D/B/A C. D. ELKS TRUCK LINE

No. 762SC38

(Filed 19 May 1976)

Appeal and Error § 30— testimony admitted without objection — subsequent motion to strike
     Where testimony is first admitted without objection, a subsequent motion to strike the testimony is addressed to the sound discretion of the court, and its ruling thereon will not be disturbed unless an abuse of discretion has been shown.

APPEAL by defendant from *Walker, Judge.* Judgment entered 15 October 1975 in Superior Court, BEAUFORT County. Heard in the Court of Appeals 5 May 1976.

*McMullan & Knott, by Lee E. Knott, Jr., for plaintiff appellee.*

*Leroy Scott and Stephen A. Graves, for defendant appellant.*

VAUGHN, Judge.

This is an action to recover the balance due by defendant on a contract in connection with his purchase of a truck. The verdict was for the plaintiff in the amount sued for.

The tenth assignment of error is the only one brought forward on appeal. It presents defendant's exception to the denial of his motion to strike testimony of plaintiff's witness relating

to the amount owed plaintiff by defendant as reflected in plaintiff's records. On page 18 of the record it appears that the witness testified that the balance due was $8,134.58. That testimony and other testimony of the evidence relating to the account was admitted without objection. Thereafter, on cross-examination, defendant elicited testimony calculated to show that the witness was not familiar with the records about which he testified. Defendant's motion to "strike all his testimony" was denied.

Where, as here, testimony is first admitted without objection, a subsequent motion to strike the testimony is addressed to the sound discretion of the court and its ruling will not be disturbed unless an abuse of discretion has been shown. The conflicts in the witness' testimony went to his credibility for resolution by the jury.

Defendant brings forward only one exception and that one fails to show prejudicial error.

No error.

Judges BRITT and ARNOLD concur.