TOWN OF HILLSBOROUGH, A MUNICIPAL CORPORATION, PETITIONER v. PEGGY
    BARTOW, ALSO KNOWN AS VIRGINIA C. BARTOW, AND HUSBAND, WILLIAM
    BARTOW, RESPONDENTS

No. 7715SC1024

(Filed 7 November 1978)

1. **Appeal and Error § 30.3— evidence admitted without objection — subsequent motion to strike**
    Where testimony is first admitted without objection, a subsequent motion to strike the testimony is addressed to the sound discretion of the court, and petitioner in this eminent domain proceeding failed to show any abuse of discretion by the trial judge in refusing to strike expert testimony of a licensed real estate broker with respect to value of the subject property.

2. **Eminent Domain § 5.3— municipality's condemnation for sewer system —only special benefits to land considered**
    The trial judge in an eminent domain proceeding instituted by a municipality did not err in failing to instruct that any damages to which the respondents were entitled must be offset by any general benefits accruing to the respondents as a result of the condemnation of their land, since in condemnation proceedings pursuant to G.S. Chapter 40 the benefits that can be offset are limited to the special benefits to the condemnee's land.

APPEAL by petitioner from *Snepp, Judge*. Judgment entered 21 September 1977 in Superior Court, ORANGE County. Heard in the Court of Appeals 20 September 1978.

This is an eminent domain proceeding in which petitioner condemned land belonging to respondents for sewer line construction. On 27 August 1976, three duly appointed commissioners found respondents entitled to $600 damages as a result of the condemnation. To that finding, respondents took exception and appealed.

A trial was held in the superior court on the sole issue of what damages, if any, respondents had suffered as a result of the condemnation of the right of way across their land. The jury returned a verdict of $4,500 damages for the respondents. From a judgment entered on the verdict, petitioner appealed.

*Graham & Cheshire, by Lucius M. Cheshire, for the petitioner appellant.*

*Powe, Porter, Alphin & Whichard, by N. A. Ciompi, for the respondent appellees.*

HEDRICK, Judge.

[1] At trial, Mrs. Elizabeth Staton, a licensed real estate broker, was allowed to give testimony as an expert stating her opinion as to the value of the subject property immediately before and immediately after the condemnation. On cross-examination it was elicited from the witness that she had considered the highest and best use of the property to be residential and that she had not considered whether the property was suitable for commercial or industrial use. Petitioner moved to strike the entire testimony of the witness. An exception to the denial of this motion is the basis of petitioner's first assignment of error.

"Where, as here, testimony is first admitted without objection, a subsequent motion to strike the testimony is addressed to the sound discretion of the court and its ruling will not be disturbed unless an abuse of discretion has been shown." *Invesco Financial Services, Inc. v. Elks*, 29 N.C. App. 512, 513, 224 S.E. 2d 660, 661 (1976). *See also* 1 Stansbury's N.C. Evidence § 27 (Brandis rev. 1973). Petitioner has failed to demonstrate any abuse of discretion by the trial judge in denying the petitioner's motion to strike. This assignment of error has no merit.

[2] By its second assignment of error petitioner contends that the trial judge incorrectly charged the jury by failing to instruct that any damages to which the respondents were entitled must be offset by any general benefits accruing to the respondents as a result of the condemnation of their land. The trial judge instructed the jury that any damages to the respondents must be set off only by any special benefits accruing to the landowners as a result of the condemnation.

It is true that the Legislature has specifically provided by statute that when the power of eminent domain is exercised by the Board of Transportation pursuant to G.S. Chapter 136 the measure of damages for taking a portion of a tract of land is "the difference between the fair market value of the entire tract immediately prior to said taking and the fair market value of the remainder immediately after said taking, with consideration being given to any special or general benefits resulting from the utilization of the part taken for highway purposes." G.S. § 136-112(1). *See also North Carolina State Highway Commission v. Gasperson*, 268 N.C. 453, 150 S.E. 2d 860 (1966).

A different measure of damages applies, however, when the condemning authority is a municipal corporation. G.S. § 40-2(2) confers the power of eminent domain upon municipalities operating water systems and sewer systems. In condemnation proceedings they are required to follow the procedure set out in G.S. § 40-11, to -29. When condemnation is pursuant to G.S. Chapter 40 the benefits that can be offset are limited to the special benefits to the condemnee's land. *Goode v. Asheville*, 193 N.C. 134, 136 S.E. 340 (1927); *Stamey v. Burnsville*, 189 N.C. 39, 126 S.E. 103 (1925). The instructions given by the trial judge were fully in accord with the law. This assignment of error has no merit.

No error.

Judges PARKER and MARTIN (Robert M.) concur.