STIMPSON HOSIERY MILLS v. PAM TRADING CORPORATION

[98 N.C. App. 543 (1990)]

STIMPSON HOSIERY MILLS, INC. v. PAM TRADING CORPORATION AND OFFICINE SAVIO MATEC, S.P.A.

No. 8922SC561

(Filed 5 June 1990)

1. **Contracts § 26.1 (NCI3d) — parol testimony — precontract agreement — motion to strike untimely**

    Defendants in a warranty action arising from the sale of hosiery manufacturing equipment waived objection to parol testimony concerning a precontract agreement where their motion to strike the testimony was untimely in that it occurred at least 100 questions and answers after plaintiff adduced the testimony and defendants neither offered nor argued a specific reason for postponing their objection past the time in which the court or plaintiff could have remedied the effect of the error. Furthermore, defendants made no showing that the trial court abused its discretion in denying the motion to strike. N.C.G.S. § 8C-1, Rule 103.

    **Am Jur 2d, Evidence § 1022.**

2. **Damages § 9 (NCI3d) — mitigation — instruction**

    The trial court erred in a warranty action arising from the sale of hosiery equipment by refusing to instruct the jury on plaintiff's duty to mitigate damages where defendants' proposed instruction was a correct statement of the applicable law, the record evidence supported the request for instruction on mitigation of damages, and the instruction the court gave did not give the substance of the requested instruction. The court gave the instruction within the proximate cause portion of the charge and invited the jury to use an all or nothing analysis, so that plaintiff's failure to mitigate would bar its remedy rather than lessen its recovery.

    **Am Jur 2d, Damages §§ 495, 496.**

3. **Appeal and Error § 203 (NCI4th) — oral notice of appeal — postverdict motions — judge's chambers**

    Plaintiff properly perfected notice of appeal in a breach of warranty action arising from the sale of hosiery manufacturing equipment where the jury found for the plaintiff on breach of warranty issues but for defendants for the unpaid purchase

price; defendants filed post-verdict motions for judgment notwithstanding the verdict, for a new trial, or for remittitur of damages; the trial court heard the parties on those motions by consent in chambers and out of session on 1 December 1988; the court signed an order denying the motions on 27 December 1988 and plaintiff gave oral notice of appeal on the issue of the unpaid purchase price on 27 December 1988. Appellate Rule 3 was amended to include oral notice at post-verdict motion hearings to extend an aggrieved party's opportunity to give oral notice beyond the traditional trial setting; subject to the requirement that some part of the judgment aggrieve the party appealing, this extension of setting for giving oral notice encompasses the entire judgment rendered in session regardless of whether that same part of the judgment is the subject of the post-verdict motions.

**Am Jur 2d, Appeal and Error § 319.**

4. **Appeal and Error § 203 (NCI4th) — notice of appeal — open court**
Plaintiff properly gave oral notice of appeal during a post-verdict motions hearing in judge's chambers. Because of the assurance that interested parties will receive notice of a party's intent to appeal expressed orally at a post-verdict motion hearing, Appellate Rule 3 contains no explicit or implicit requirement that a post-verdict hearing be held in open court or that appellants give oral notice in open court for such notice of appeal to have effect.

**Am Jur 2d, Appeal and Error § 319.**

5. **Sales § 13.1 (NCI3d) — breach of warranty action — counterclaim for purchase price — instruction on recovery of purchase price — no error**
The trial court did not err in a warranty action arising from the sale of hosiery manufacturing equipment by instructing the jury that defendants could recover the balance of the purchase price if the jury awarded plaintiff actual or general damages for breach of express or implied warranty. The record shows that plaintiff accepted the machines and did not reject or revoke acceptance; plaintiff was therefore obliged to pay for the machines although it could and did recover damages for breach of warranty. N.C.G.S. §§ 25-2-607(1), 25-2-709(1)(a).

**Am Jur 2d, Sales §§ 661, 663.**

6. **Appeal and Error § 203 (NCI4th)— notice of appeal—issues appealed from—no appellate jurisdiction**

An assignment of error was not properly before the appellate court where plaintiff's oral notice of appeal specifically included only the jury's verdict on defendants' counterclaim; a counterclaim is an independent proceeding not automatically determined by a ruling in the principal claim; plaintiff gave no actual notice from the five remaining jury issues; and the court could not infer notice because of the independent nature of the counterclaim.

**Am Jur 2d, Appeal and Error §§ 319, 658.**

7. **Appeal and Error § 520 (NCI4th)— error in damages—partial new trial**

A breach of warranty action arising from the sale of hosiery manufacturing equipment was remanded for a partial new trial on the issue of plaintiff's damages where the error was confined to the issue of damages and there was no danger of it complicating other issues.

**Am Jur 2d, Appeal and Error § 953.**

APPEAL by plaintiff and defendants from judgment entered 27 December 1988 by *Judge Ralph A. Walker, Jr.* in IREDELL County Superior Court. Heard in the Court of Appeals 22 November 1989.

*Eisele & Ashburn, P.A., by Douglas G. Eisele, for plaintiff-appellant/plaintiff-appellee Stimpson Hosiery Mills, Inc.*

*Petree Stockton & Robinson, by Leon E. Porter, Jr. and J. David Mayberry, for defendant-appellants/defendant-appellees PAM Trading Corporation and Officine Savio Matec, S.p.A.*

GREENE, Judge.

Plaintiff Stimpson Hosiery Mills, Inc. ("plaintiff"), appeals a jury's counterclaim verdict for defendants PAM Trading Corporation and Officine Savio Matec, S.p.A. ("defendants"). Defendants appeal the jury verdict for plaintiff and denial of defendants' motions for new trial, judgment notwithstanding the verdict, and remittitur.

Plaintiff is a corporation that manufactures women's hosiery. Defendants PAM and Matec are corporations which respectively manufacture and sell a brand of hosiery knitting machine, Veloce. Defendants placed a Veloce knitting machine in plaintiff's plant in 1985, for plaintiff's trial-use evaluation of the machine's capabilities. Plaintiff used the machine for approximately six months, after which plaintiff and defendants contracted for plaintiff to purchase 24 Veloce machines for the price of $172,000.00.

The machines were installed and operational by March, 1986. Plaintiff claimed that the machines began malfunctioning shortly after their installation, but kept the machines. Plaintiff refurbished its previously-owned knitting machines to produce more hosiery, and on 1 April 1987, plaintiff purchased 10 new knitting machines manufactured by defendants' competitor.

Plaintiff filed a complaint against defendants, alleging breach of express warranty and implied warranty of fitness for a particular purpose, along with other bases for relief. Defendants answered, denying the allegations and counterclaiming for the unpaid purchase price plus interest. Plaintiff replied to defendants' counterclaim, denying defendants' right to the balance of the purchase price. The case came on for trial and both parties offered evidence.

At trial, plaintiff offered the testimony of one of plaintiff's corporate officers, Mr. Stimpson. Mr. Stimpson testified:

> . . . I made the statement that if we decided to purchase his machine, I would like for Mr. Arnie McKinney to be the one to set the machine up. . . . [Defendants' sales representative] told me that I would get that wish to get Mr. McKinney to set up the machines.

At the jury instructions charge conference, defendants requested in writing that the trial court submit an issue and instruct the jury on plaintiff's obligation to mitigate damages, according to the North Carolina Pattern Jury Instructions:

This issue reads:

> "What amount, if any, of the damages sustained by [plaintiff] could have been avoided?"
>
> The burden of proof on this issue is on [defendant] to satisfy you by the greater weight of the evidence that some

or all of the damages claimed by [plaintiff] could have been avoided.

A party injured by a breach of contract is required to protect [itself] from loss if [it] can do so with reasonable exertion or minimal expense. Ordinarily an injured party will not be allowed to recover from the delinquent party any damages which the injured party could have avoided with reasonable effort or minimal expense.

And so I finally instruct you that if you find, by the greater weight of the evidence, that some or all of the damages claimed by [plaintiff] could have been avoided with reasonable exertion or minimal expense on [its] part then you will answer this issue by writing that amount in the blank space provided. On the other hand, if you fail to so find, then you would answer this issue by writing the word "None" in the blank space provided.

N.C. Pattern Jury Instruction 571.20 (March 1974). The trial court instead submitted to the jury issue 5, set out below in pertinent part, noting that "I believe what I have included is included in the essence of mitigation of damages required by the plaintiff."

The court submitted six issues to the jury, which answered them as follows:

1. Did the Defendants expressly warrant to the Plaintiff that the knitting machines were capable of running at 1200 RPM's and that these knitting machines would be set up and would operate as the trial machine had been set up and operated?

ANSWER: __Yes__

2. If so, was the expressed warranty breached by the failure of the knitting machines to conform to the Defendants['] affirmation of fact or promise about these machines?

ANSWER: __Yes__

3. Did the Defendants impliedly warrant to the Plaintiff that the knitting machines were fit for the particular purpose of making different styles and sizes of hose efficiently while running at a speed of at least 1000 RPM's?

ANSWER: __Yes__

STIMPSON HOSIERY MILLS v. PAM TRADING CORPORATION

[98 N.C. App. 543 (1990)]

4. If so, was the implied warranty of fitness for a particular purpose breached by the Defendants?

ANSWER:  __Yes__

5. What amount of damages is the Plaintiff entitled to recover?

   (1) For parts, labor and needles to refurbish and operate old machines

     __$16,900.00__

   (2) For goods returned, credit memos, down-sized goods and goods discarded before shipment

     __$1.00__

   (3) For new Lonati machines purchased in 1987

     __$0__

   (4) For lost profits

     __$534,988.80__

6. What amount [are] the Defendants entitled to recover?

   __$143,672[.]10__

The court instructed the jury that if it "answered either implied or [express] . . . warranty issues [2 or 4] in favor of the plaintiff . . . go on to the damage issue [5]." The court instructed the jury on issue 5 using this language:

> [T]he burden of proof is . . . on the plaintiff to prove to you that [it] has suffered damages by reason of breach of expressed or implied warranty on the part of defendants . . . the plaintiff has the burden of proving to you by the greater weight of the evidence that a breach of warranty was made by the defendants and that this was [a] proximate cause of [its] damages or loss . . . [h]owever, if damages or loss would have occurred whether or not the warranty was breached then these damages do not proximately result from a breach of warranty. *If the plaintiff's own neglect of the machines or failure to maintain or properly operate the knitting machines as a reasonable careful, prudent person in the hosiery industry would do was a proximate cause of the plaintiff's difficulties with the machines,*

*then its damages or loss would not be proximately caused by a breach of warranty.* (Emphasis added.)

The jury returned its verdict on 1 November 1988, and on 10 November 1988, defendants filed post-verdict Rules 50 and 59 motions for judgment notwithstanding the verdict (j.n.o.v.) or alternately for new trial, or for remittitur of damages as to issues 1-5. On 1 December 1988, the trial court heard the parties on these motions in chambers, out of session, and the parties consented to the court's ruling on the motions out of session. The court signed an order denying the motions out of session on 27 December 1988. The Iredell County Clerk of Court filed the order and appeal entries on 4 January 1989. Defendants signed and served written notice of appeal as to the jury verdict on issues 1-5 and from the court's denial of defendants' motions for directed verdict and for j.n.o.v., new trial, and remittitur, filed on 5 January 1989. Plaintiff gave oral notice of appeal from issue 6 on 27 December 1988, but did not give written notice of appeal. Subsequent to filing of the record on appeal, defendants moved to dismiss plaintiff's appeal.

---

Defendants' appeal presents these dispositive issues: (I) whether the trial court erred in admitting parol evidence of the contract, which prejudiced defendants on the issue of express warranty; and (II) whether the trial court erred in refusing to instruct the jury on plaintiff's duty to mitigate damages. These issues arise concerning plaintiff's appeal: (III) whether plaintiff properly perfected its appeal of defendants' counterclaim award when it gave oral notice of appeal at the post-verdict motions hearing; (IV) whether the trial court erred in instructing the jury that defendants were entitled to recover the balance of the purchase price if it found that defendants breached a warranty; and (V) whether it properly appealed the trial court's instructions concerning its own damages.

DEFENDANTS' APPEAL

I

Express Warranty

[1] Defendants contend that the trial court erred in admitting Mr. Stimpson's parol testimony of a pre-contract agreement that defendants would provide McKinney as the sole start-up technician for the machines, prejudicially creating an erroneous basis for express warranty. We disagree.

> Error may not be predicated upon a ruling which admits
> . . . evidence unless a substantial right of the party is affected,
> and . . . a *timely* objection or motion to strike appears of
> record. . . .

N.C.G.S. § 8C-1, Rule 103 (Cum. Supp. 1989) (emphasis added). "An objection is timely only when made as soon as the potential objector has the opportunity to learn that the evidence is objectionable, unless there is some specific reason for a postponement. Unless prompt objection is made, the opponent will be held to have waived it." 1 Brandis on North Carolina Evidence § 27 (Cum. Supp. 1987). "[E]xcept in certain circumstances not applicable here, failure to object to the admission of evidence at the time it is offered waives the objection." *Spencer v. Spencer*, 70 N.C. App. 159, 165, 319 S.E.2d 636, 642 (1984) (citing *Brandis*, at § 27, naming three exceptional circumstances constituting reversible error without objection: evidence forbidden by statute or public policy, inadmissible confessions in criminal cases, and statutorily prohibited questions from judges or jurors), *see also State v. Lewis*, 281 N.C. 564, 569, 189 S.E.2d 216, 219, *cert. denied*, 409 U.S. 1046, 34 L.Ed.2d 498 (1972) (when an opposing party does not object to a question eliciting offending testimony, the witness answers the question, a further question is propounded to the witness and the opposing party then moves to strike testimony relating to the first question, the motion to strike is untimely); *Invesco Fin. Serv., Inc. v. C.D. Elks, et al.*, 29 N.C. App. 512, 513, 224 S.E.2d 660, 661 (1976) (when testimony is first admitted without objection, denial or grant of a subsequent motion to strike the testimony is in the court's sound discretion, which will not be disturbed absent a showing of abuse).

We determine that defendants' motion to strike Mr. Stimpson's testimony was untimely, occurring at least one hundred questions and answers after plaintiff adduced the testimony. Defendants neither offer nor argue a 'specific reason' for postponing their objection until well past the time in which the court or plaintiff could have remedied the effect of the alleged error. Therefore, defendants waived objection to the testimony. Furthermore, defendants made no showing that the trial court abused its discretion in denying defendants' motion to strike.

II

[2] Defendants submit that the trial court erred in refusing to instruct the jury on plaintiff's duty to mitigate damages because

the instructions given did not supply the substance of the mitigation instruction to the jury. We agree.

When a judge fails to submit to the jury any issue of fact raised by the pleadings or evidence, to preserve its right to a trial by jury on the omitted instruction a party must demand that the trial court submit the issue before the jury retires. N.C.G.S. § 1A-1, Rule 49(c) (Cum. Supp. 1989). "When a party appropriately tenders a written request for a special instruction which is correct in itself and supported by the evidence, the failure of the trial judge to give the instruction, at least in substance, constitutes reversible error." *Millis Construction Co. v. Fairfield Sapphire Valley, Inc.*, 86 N.C. App. 506, 509-10, 358 S.E.2d 566, 568 (1987); *see* N.C.G.S. § 1A-1, Rule 51(b) (Cum. Supp. 1989).

The doctrine of avoidable consequences or the duty to minimize damages requires that "an injured plaintiff, whether [its] case be tort or contract, must exercise reasonable care and diligence to avoid or lessen the *consequences* of the defendant[s'] wrong." *Miller v. Miller*, 273 N.C. 228, 239, 160 S.E.2d 65, 74 (1968) (emphasis added); *see also Radford v. Norris*, 63 N.C. App. 501, 502, 305 S.E.2d 64, 65 (1983) (doctrine precludes "recovery for those consequences of the tort-feasor's act which could have been avoided by acting as a reasonably prudent man . . ."). The Uniform Commercial Code ("UCC") applies to contracts for sale of goods that include warranties. N.C.G.S. § 25-2-106(2) (Cum. Supp. 1989). The UCC specifically incorporates this doctrine and provides that an aggrieved buyer may recover "[c]onsequential damages resulting from the seller's breach . . . *which could not reasonably be prevented by cover or otherwise* . . ." N.C.G.S. § 25-2-715(2)(a) (Cum. Supp. 1989) (emphasis added).

> Failure to minimize damages does not bar the remedy; it goes only to the amount of damages recoverable . . . [i]t has its source in the same motives of conservation of human and economic resources as the doctrine of contributory negligence, but 'comes into play at a later stage.' . . . [g]enerally they occur—if at all—at different times. Contributory negligence occurs either before or at the time of the wrongful act or omission of the defendant.

*Miller*, at 239, 160 S.E.2d at 74 (citations omitted). Plaintiff's "duty to mitigate damages arises only after the negligent act of defend-

ant." *Hagwood v. Odom*, 88 N.C. App. 513, 516, 364 S.E.2d 190, 192 (1988), citing *Miller*, at 239, 160 S.E.2d at 74.

We determine that the trial court erred in failing to submit an issue on mitigation and in its instructions to the jury, requiring new trial. Defendants tendered a written request to the trial judge for an issue and instruction on mitigation of damages. The proposed instruction was a correct statement of the applicable law. We also determine that record evidence supported defendants' request for an instruction on mitigation of damages: approximately one year passed after the new Veloce machines developed problems before plaintiff bought other new machines to increase production, for which plaintiff claimed damages of $100,000.00, plaintiff employed only one employee to maintain and operate old machines for one of three working shifts each day, plaintiff did not maintain a sufficient spare parts inventory, plaintiff should have increased its routine inspection and maintenance schedule, and plaintiff did not properly exhaust heat and prevent drafts that snarled knitting materials.

We next determine that the given instruction did not give the substance of the requested mitigation of damages instruction for two reasons. First, the instruction given by the trial court invited the jury to use an 'all or nothing' analysis regarding plaintiff's damage: if the jury concluded that defendants breached the warranties and that plaintiff acted unreasonably after receiving the machines, the instruction required the jury to either award plaintiff all of its damages, ignoring plaintiff's unreasonable behavior, or to award plaintiff nothing because plaintiff acted unreasonably, disregarding defendants' breach. The given instruction does not instruct the jury that it could assess defendants in breach and also deduct a portion of damages that plaintiff unreasonably incurred, as it is required to do in the requested mitigation-of-damages instruction. Second, the instruction was not a proper statement of the law concerning damages. The doctrine of mitigation affects the *consequences* of defendants' breach, but the trial court gave the instruction within the proximate cause portion of the charge and improperly invited the jury to view the damage issue somewhat as a contributory negligence issue. As phrased, plaintiff's failure to mitigate would bar its remedy, rather than lessen its recovery.

PLAINTIFF'S APPEAL

### III

Defendants move to dismiss plaintiff's appeal for failure to properly perfect notice of appeal. Defendants contend that plaintiff could not appeal issue 6 of the jury verdict according to Appellate Rule 3 because (A) plaintiff was nonmovant in relation to the post-verdict motions and because issue 6 was not the subject of defendants' post-verdict motions, and (B) oral notice of appeal could only be taken in "open court," which does not include judges' chambers. We disagree.

### A

[3] If a judgment or order is *rendered* in session, "*[a]ny party entitled by law to appeal* from a judgment . . . may take appeal by . . . giving oral notice of appeal at trial, or at any hearing of a timely motion under Rule 59 . . . or under Rule 50 . . ." N.C.R. App. P. 3(a)(1) (1976) (amended 1989) (emphases added). *See also* N.C.G.S. § 1-279(a) (1983) (repealed 1989) (containing essentially the same language). Oral notice is proper only for judgments rendered in session. N.C.R. App. P. 3(a)(1).

A 'party entitled by law to appeal' is any aggrieved party. N.C.G.S. § 1-271 (Cum. Supp. 1989). "A party aggrieved is one whose rights are substantially affected by judicial order. . . . An appeal must also be prosecuted by the aggrieved real party in interest. . . . A real party in interest is one who is benefited or injured by the judgment in the case." *Carawan v. Tate*, 304 N.C. 696, 700, 286 S.E.2d 99, 101 (1982) (citations omitted).

A judgment is 'rendered' when it is announced or declared in open court. *Provident Finance Co. v. Locklear*, 89 N.C. App. 535, 537, 366 S.E.2d 599, 600 (1988), citing N.C.G.S. § 1A-1, Rule 58 (1987).

Here, when the jury announced its verdict in open court, it 'rendered judgment' according to Rule 3(a) and N.C.G.S. § 1A-1, Rule 58, and oral notice of appeal was a proper procedure. As a party against whom the jury rendered the verdict, plaintiff was an 'aggrieved party' who was entitled by law to orally appeal from the judgment. It is plaintiff's status as an aggrieved party which qualifies it to give oral notice of appeal, and its nonmovant status is irrelevant.

Furthermore, whether the part of the judgment from which an aggrieved party appeals is the basis for post-verdict motions is irrelevant, so long as an aggrieved party is giving notice of appeal. Appellate Rule 3 was amended to include oral notice at post-verdict motion hearings simply to extend an aggrieved party's opportunity to give oral notice beyond the traditional trial setting to another setting, post-verdict motion hearings. N.C.R. App. P. 3, Commentary (1982). Subject to the requirement that some part of the judgment grieve the party appealing, this extension of setting for giving oral notice encompasses the entire judgment rendered in session, regardless of whether that same part of the judgment is the subject of the post-verdict motions.

B

[4] Defendants next contend that plaintiff could only give oral notice of appeal in "open court" and the post-verdict motions hearing in judge's chambers are not "open court." We disagree.

Oral notice of appeal from judgments rendered in session was originally allowed "at trial." N.C.R. App. P. 3, Commentary. The "bench and bar . . . equated 'at trial' with 'in open court' . . ." Id. Oral notice of appeal was based on the principle that such action gave sufficient notice to the parties. Id. The Drafting Committee recognized this principle in amending Appellate Rule 3 to extend the opportunity to give oral notice of appeal at post-verdict motion hearings: "it seems fair to charge [all parties] with notice, since [the] parties must have been given notice of the hearings themselves. . . ." Id.

Because of the assurance that interested parties will receive notice of a party's intent to appeal, expressed orally at a post-verdict motion hearing, we determine that Appellate Rule 3 contains no explicit or implicit requirement that a post-verdict motion hearing be held in 'open court,' or that appellants give oral notice in 'open court,' for such notice of appeal to have effect.

IV

[5] Plaintiff contends that the trial court improperly instructed the jury that defendants could recover the balance of the purchase price if the jury awarded plaintiff actual or general damages for defendants' breach of express or implied warranty. We disagree.

"The buyer must pay at the contract rate for any goods accepted." N.C.G.S. § 25-2-607(1) (Cum. Supp. 1989). "When the buyer fails to pay the price as it becomes due[,] the seller may recover, together with any incidental damages . . . the price . . . of goods accepted." N.C.G.S. § 25-2-709(1)(a) (Cum. Supp. 1989). A buyer who accepts goods must pay the seller the contract price, but can sue the seller for breach of warranty. *Lyon v. Shelter Resources Corp.*, 40 N.C. App. 557, 561, 253 S.E.2d 277, 280 (1979).

We determine that the record shows that plaintiff accepted the Veloce machines and did not reject or revoke acceptance. Therefore, plaintiff was obliged to pay for the machines, although it could and did recover damages for breach of warranty.

V

[6] Plaintiff next purports to assign error to jury instructions for its claim of breach of warranty damages.

A reviewing court is vested with appellate jurisdiction only as to the part of the judgment or order from which appellant appeals. *Smith v. Independent Life Ins. Co.*, 43 N.C. App. 269, 272, 258 S.E.2d 864, 866 (1979). This rule is construed liberally only with regard to written notices of appeal. *Brooks, Com'r of Labor v. Gooden*, 69 N.C. App. 701, 707, 318 S.E.2d 348, 351 (1984) (citing *Smith*). Appellant's assignment of error is not properly before the reviewing court if the assignment relates to a part of the judgment from which appellant has not given notice of appeal. N.C.R. App. P. 3; *Chaparral Supply v. Bell*, 76 N.C. App. 119, 120, 331 S.E.2d 735, 736 (1985).

Our review of the record reveals that plaintiff's oral notice of appeal specifically included only the jury's verdict on defendants' counterclaim. "[A] counterclaim is in the nature of an independent proceeding and is not automatically determined by a ruling in the principal claim." *Brooks*, at 707, 318 S.E.2d at 351 (citation omitted). We determine that plaintiff gave no actual notice from the remaining five jury issues, and we cannot infer notice because of the independent nature of the counterclaim. Therefore, since plaintiff did not give notice of appeal from the five issues relating to its own claim, it cannot subsequently vest this court with jurisdiction by assigning error to those matters. Furthermore, new trial on the issue of plaintiff's damages renders unnecessary our review of assignments of error relating to the issue.

[7] A reviewing court may grant a partial new trial in its discretion, " ' "generally . . . when the error, or reason for the new trial, is confined to one issue, which is entirely separable from the others and it is perfectly clear that there is no danger of complication." ' " *Brown v. Neal*, 283 N.C. 604, 616, 197 S.E.2d 505, 513 (1973).

Here, we determine that the error is confined to the issue of damages, and we perceive no danger of it complicating other issues. Accordingly, we remand the case only for new trial on the issue of plaintiff's damages, and it is unnecessary that we review defendants' or plaintiff's additional assignments of error relating to the issue of plaintiff's damages. Because the jury verdict correctly determined plaintiff's recovery based on breach of express warranty, and this determination alone provides plaintiff's basis for recovery, we do not address defendants' assignments of error relating to breach of implied warranty.

In summary:

Defendants' appeal: on liability — no error; on damages — new trial.

Plaintiff's appeal: *no error*.

Judges JOHNSON and PARKER concur.