[No. 15238-3-III. Division Three. April 8, 1997.]

HAROLD R. JOHNS, ET AL., *Appellants*, v. MARLYCE I. ERHART, ET AL., *Respondents*.

608

*Eric R. Shumaker*, for appellants.

*Stanley E. Perdue* and *Perdue Law Firm*, for respondents.

Sweeney, C.J. — To extend the time within which a party may execute on a judgment, the judgment must first have been rendered by "a court of record of this state." RCW 6.17.020(1). That party must also apply for the extension to the "court that rendered the judgment . . . ." RCW 6.17.020(3). Harold R. and Doris Johns took a default judgment against Marlyce Erhart, Laura Harbert, and Ventures Unlimited in United States Bankruptcy Court in 1985. In 1995, they filed the judgment in Spokane County Superior Court. Pursuant to RCW 6.17.020, they moved for an order extending the time for execution of their judgment. The trial court refused to grant the extension. It concluded that the execution time limit could not be extended pursuant to RCW 6.17.020 because the judgment was not rendered *by a court of record of this state* and application was not made *to the court rendering the judgment.*

The question here is whether execution of the bankruptcy court judgment, properly filed in superior court as a foreign judgment, qualifies for an extension under RCW 6.17.020. We hold it does not and affirm the trial court.

## DISCUSSION

The Johnses make two primary arguments. First, they argue that pursuant to RCW 6.36.025(1) foreign judgments filed in superior court are to be enforced in the "same manner as a judgment of the superior court . . . ." They conclude their bankruptcy court judgment may, therefore, be extended in the same manner as a judgment rendered in the state of Washington. Next, they argue that if the holder of a foreign judgment may not extend the time to execute on a judgment, then RCW 6.17.020 violates the full faith and credit clause of Article IV, Section 1 of the United States Constitution.

Filing of Foreign Judgment–Extension of Time to Execute. RCW 6.36.025(1) provides:

A copy of any *foreign judgment* authenticated in accor-

dance with the act of congress or the statutes of this state may be filed in the office of the clerk of any superior court of any county of this state. The clerk shall treat the foreign judgment in the same manner as a judgment of the superior court of this state. A judgment so filed has the same effect . . . as a judgment of a superior court of this state and *may be enforced . . . in like manner.*

(Emphasis added.)

The time for enforcement of a judgment may be extended for 10 years if the provisions of RCW 6.17.020 are met. That statute provides in part:

(1) Except as provided in subsections (2), (3), and (4) of this section, *the party in whose favor a judgment of a court of record of this state or a district court of this state has been or may be rendered,* or the assignee, may have an execution issued for the collection or enforcement of the judgment at any time within ten years from entry of the judgment.

. . . .

(3) After June 9, 1994, a party in whose favor a judgment has been rendered pursuant to subsection (1) or (4) of this section may, within ninety days before the expiration of the original ten-year period, *apply to the court that rendered the judgment* for an order granting an additional ten years during which an execution may be issued.

(Emphasis added.)

 Statutory construction is a question of law reviewed de novo. *City of Pasco v. Public Employment Relations Comm'n,* 119 Wn.2d 504, 507, 833 P.2d 381 (1992). When the statute is plain and unambiguous, we derive its meaning from the wording. *Soundgarden v. Eikenberry,* 123 Wn.2d 750, 756, 871 P.2d 1050 (1994). We give effect to the Legislature's intent reflected in the statute's express language. *Martin v. Meier,* 111 Wn.2d 471, 479, 760 P.2d 925 (1988).

Neither party here argues that RCW 6.17.020 is ambiguous. The Johnses argue only that the *filing* of a foreign

judgment is the equivalent of a judgment being *rendered.* They reject as hypertechnical the argument that the judgment must have been *rendered* by a court of record of this state.

■ ■ To render a judgment means "[t]o pronounce, state, declare, or announce the judgment of the court in a given case or on a given state of facts . . . . Judgment is 'rendered' when decision is officially announced, either orally in open court or by memorandum filed with clerk." BLACK'S LAW DICTIONARY 1296 (6th ed. 1990). Our Supreme Court agrees: "A judgment therefore is considered as having been rendered when the court has pronounced a decree which finally determines the rights of the parties . . . ." *Beetchenow v. Bartholet,* 162 Wash. 119, 122, 298 P. 335 (1931); *see also State v. Madrid,* 9 Ariz. App. 207, 450 P.2d 719, 721 (1969) (rendering means a pronouncement in court); *Stimpson Hosiery Mills, Inc. v. Pam Trading Corp.,* 98 N.C. App. 543, 392 S.E.2d 128, 134 (1990) (judgment announced or declared in open court is rendered). The Johnses' bankruptcy judgment was not rendered by a court of record in this state. They are not, therefore, entitled to an extension. RCW 6.17.020.

■ By way of comparison, RCW 4.56.190, the judgment lien statute, speaks of judgments rendered by district courts of the United States as well as our state supreme court, court of appeals, superior court, or district court. Similarly, RCW 4.56.200 addresses judgments rendered in our state courts and those of the district court of the United States. The Legislature did not, however, include a reference to courts of the United States in RCW 6.17.020. If the Legislature uses language in one instance but different, dissimilar language in another, we conclude that it intended the differences. *Seeber v. Public Disclosure Comm'n,* 96 Wn.2d 135, 139, 634 P.2d 303 (1981).

We will not speculate on why the Legislature granted authority to extend a judgment in one case, but refused to in another. *Petstel, Inc. v. County of King,* 77 Wn.2d 144, 151, 459 P.2d 937 (1969). As written, RCW 6.17.020 unam-

biguously requires that a judgment be rendered by a court of record of this state and that application for the extension be made to the court rendering the judgment. The trial court correctly refused to extend the time for execution here.

Full Faith and Credit. Article IV, Section 1 of the United States Constitution provides that "[f]ull faith and credit shall be given in each state to the . . . judicial proceedings of every other state." RCW 6.36.025 implements this constitutional requirement. It provides that any properly authenticated foreign judgment filed in superior court *may be enforced* like any state superior court judgment. The Johnses argue that if RCW 6.17.020 is read to exclude their right to extend the execution period, then it violates the full faith and credit clause and is unconstitutional.

In *Federal Deposit Ins. Corp. v. Panelfab Int'l Corp.*, 501 So. 2d 167 (Fla. Dist. Ct. App. 1987), the trial court dismissed a notice of recording of a federal court judgment, filed under the authority of the Florida Enforcement of Foreign Judgments Act. The notice was dismissed because the Florida statute did not include a United States District Court judgment in the definition of foreign judgments. Under Florida law, " 'any judgment, decree, or order of a court of any other state if such judgment, decree, or order is entitled to full faith and credit . . . .' " *Id.* at 168 (emphasis omitted) (quoting FLA. STAT. § 55.502(1)). On appeal the court held that the statute revealed a "conscious legislative intent" to cover state court judgments, but not those of federal courts. *Id.* at 168. The court found no violation of the full faith and credit clause in part because both state and federal judgments were equally enforceable in Florida. *Id.*

■ Likewise, here, the Johnses' bankruptcy judgment can be "enforced" like any other state superior court judgment. It is only the time within which that judgment must be enforced that cannot be extended.

We affirm the decision of the trial court denying the Johnses' motion for an extension of time for execution.

THOMPSON and BROWN, JJ., concur.