501 So.2d 167 (1987)
FEDERAL DEPOSIT INSURANCE CORPORATION, Appellant,
v.
PANELFAB INTERNATIONAL CORPORATION, Appellee.
No. 86-1318.
District Court of Appeal of Florida, Third District.
January 27, 1987.
Kimbrell & Hamann and Patricia H. Thompson, Miami, for appellant.
Canner & Glasser and Ilene Swickle, Hallandale, for appellee.
Before SCHWARTZ, C.J., and HUBBART and BASKIN, JJ.
PER CURIAM.
This is an appeal by a judgment creditor from a final trial court order dismissing a notice of recording of a federal court judgment. The notice was filed in the circuit court below by the judgment creditor herein [Federal Deposit Insurance Corporation] under the purported authority of the Florida Enforcement of Foreign Judgments Act [§§ 55.501-.509, Fla. Stat. (1985)]. The circuit court below dismissed this notice upon motion of the judgment debtor [Panelfab International Corporation] on the ground that
"[T]he definition of `[f]oreign [j]udgment' contained in Florida Statute Section 55.502(1) does not include... the [j]udgment from the United States District Court for the District of Puerto Rico which is the subject of this action... ."
We agree and affirm.
Section 55.502(1), Florida Statutes (1985), specifically defines the term "foreign *168 judgment," which the Florida Enforcement of Foreign Judgments Act governs, as "any judgment, decree, or order of a court of any other state if such judgment, decree, or order is entitled to full faith and credit in this state." (emphasis added) Conspicuously absent from this definition is the term "court of the United States" which, in fact, appears in the Uniform Enforcement of Foreign Judgments Act. Unif.Enf. of Foreign Jdgmt. Act § 1 (1964). Moreover, our review of the legislative history of the Florida Act reveals a conscious legislative intent to delete the above provision from the uniform act so as to cover the judgments of state courts, but not those of federal courts. We therefore agree with the trial court that Section 55.502(1), Florida Statutes (1985), does not embrace a federal court judgment and, therefore, the subject judgment herein could not be domesticated in Florida pursuant to the Florida Enforcement of Judgments Act.
Nor are we persuaded, as urged, that the full faith and credit clause of the United States Constitution [Art. IV, § 1, U.S. Const.] is offended by such an interpretation. This is so because all the present act does is accord to foreign state judgments the same treatment of notice recording within this state as presently exists for foreign federal judgments in the federal courts under 28 U.S.C. § 1963. Indeed, this appears to be precisely the reason why the Florida legislature excluded federal judgments from the present act as their inclusion was entirely unnecessary. Just as the full faith and credit clause is not offended by the federal act's exclusion of state judgments, so too the subject clause is not offended by the Florida act's exclusion of federal judgments. See Knapp v. McFarland, 462 F.2d 935, 938-40 (2d Cir.1972). Moreover, both state and federal foreign judgments are equally enforceable in Florida through a domestication action under Section 95.11(2)(a), Florida Statutes (1985). In no sense, then, can it be said, as urged, that foreign federal judgments are discriminated against in Florida, as they are given the same full faith and credit as foreign state judgments under the present federal-state statutory scheme.
We have examined the remaining contentions raised on appeal and find no basis for upsetting the final order under review. The said order is therefore, in all respects,
Affirmed.