BECHTEL CORPORATION and
Baltimore Gas & Electric
Company, Appellants,

v.

WESTERN CONTRACTING CORPORA-
TION, L. Garland Everist, and H.H. Ev-
erist, Jr., and Neil Dawson, Appellees.

No. 86–1278.

Supreme Court of Iowa.

Oct. 21, 1987.

F. Joseph Du Bray and Hess R. Roorda
of Shull, Cosgrove, Hellige, Kudej & Du
Bray, Sioux City, for appellants.

William J. Rawlings of Kindig, Beebe,
Rawlings, Nieland, Probasco & Killinger,
Sioux City, for appellee Western Contract-
ing Corp.

David J. Blair and Deborah J. Cook of
Blair, Stoik, Phillips & Harper, P.C., Sioux
City, for appellee L. Garland Everist.

Marvin F. Heidman and John C. Gray of
Eidsmoe, Heidman, Redmond, Fredregill,
Patterson & Schatz, Sioux City, for appel-
lee H.H. Everist, Jr.

Considered by HARRIS, P.J., and
LARSON, SCHULTZ, CARTER, and
LAVORATO, JJ.

SCHULTZ, Justice.

In this appeal we determine whether a
judgment in an out-of-state federal district
court may be registered as a "foreign judg-
ment" in an Iowa district court under Iowa
Code chapter 626A (1985), the Uniform En-
forcement of Foreign Judgments Act. The
district court held that "foreign judgment"
does not refer to federal court judgments
and refused to allow registration. We dis-
agree and reverse.

On January 24, 1986, in federal district
court in Maryland, Bechtel Corporation and
Baltimore Gas & Electric Company re-
ceived a judgment of more than $3,000,000
against Western Contracting Corporation
and three of its employees, L. Garland Ev-
erist, H. Hubert Everist, Jr., and Neil Daw-
son. For the purpose of brevity we shall
refer to the judgment creditors as Bechtel
and the judgment debtors as Western.
Western appealed this judgment to the
Fourth Circuit Court of Appeals, but did
not file a supersedeas bond or obtain a stay
of execution.

On April 30, 1986, while the appeal was
still pending, Bechtel attempted to register
its judgment with the clerk of the district
court in Woodbury County pursuant to
chapter 626A. Western filed a motion to
strike or stay enforcement of the federal

court judgment, which the district court sustained.

The issues presented are whether chapter 626A entitles Bechtel to register its federal court judgment in an Iowa district court, and, if so, whether chapter 626A is preempted by the federal scheme for registration of federal court judgments in other federal courts.

## I. *Statutory Interpretation.*

This appeal requires us to examine and interpret the statutory language concerning the filing of foreign judgments in the office of our district courts. In 1979, Iowa enacted the 1964 Revised Uniform Enforcement of Foreign Judgments Act. 1979 Iowa Acts ch. 138, §§ 1–8 (codified at Iowa Code ch. 626A). The uniform act provides for registration of "foreign judgment[s]" which may then be enforced in the same manner as Iowa judgments. Iowa Code § 626A.2. A "foreign judgment" is defined as "a judgment, decree, or order of a court of the United States or of any other court which is entitled to full faith and credit in this state." Iowa Code § 626A.1.

■ In refusing to allow registration of the federal court judgment, the district court concluded that a federal district court is not "a court of the United States" under the definition of "foreign judgment" embodied in section 626A.1. To support this conclusion, the court relied heavily upon *Knapp v. McFarland,* 462 F.2d 935 (2d Cir.1972). Bechtel maintains that this interpretation distorts the plain meaning of the language used, and the intent of the statute's framers. It also urges that the district court failed to recognize the judgment as one that is entitled to "full faith and credit" as stated in section 626A.1. We believe the plain meaning of "a judgment ... of a court of the United States" includes federal district court judgments. We need not, therefore, address Bechtel's second contention.

In *Knapp* the judgment creditor filed, and sought to enforce, its New York federal district court judgment in New York state court, under New York Civil Practice Law and Rules section 5018(b). 462 F.2d at 938. That section specifically allows registration of federal judgments in state courts. Although the judgment creditor complied with section 5018(b), the judgment debtor argued that he must also comply with the Uniform Enforcement of Foreign Judgments Act, N.Y. Civ.Prac.L. & R. art. 54, which had been adopted by New York. *Knapp,* 462 F.2d at 939. The Second Circuit held that under the uniform act, as enacted by New York, a "foreign judgment" did not include a judgment of a United States district court. *Id.* While conceding that "(a)t first blush" the federal judgment appeared to be a "judgment ... of a court of the United States or of any other court which is entitled to full faith and credit," the court stated that it would not read the act literally because the legislative history indicated that the uniform act was to apply only to sister state judgments. *Id.* In reporting on the proposed law, the New York Judicial Conference had noted that section 5018 already provided a method by which a federal judgment could be enforced by state courts. Therefore, the uniform act would be superfluous. *Id.* The court concluded that New York did not intend the uniform act to apply to federal court judgments. *Id.*

The trial court's reliance on *Knapp* is misplaced. Unlike New York, our statutes do not provide a separate method for registration of federal judgments. Consequently, our adoption of the uniform act was not superfluous as applied to federal judgments. In addition, the court that decided *Knapp* has now repudiated it. In a recent case, filed after the ruling by the district court, the Second Circuit held that a judgment obtained in federal district court in New Hampshire could be enforced in state court under New York's uniform act. *Keeton v. Hustler Magazine, Inc.,* 815 F.2d 857, 861–62 (2d Cir.1987). In *Keeton* the court declared that *Knapp*'s construction of the uniform act was dictum, and contradicted the plain language and legislative history of the act. *Id.* at 860. We believe that *Keeton* is on all fours with the present case and is supported by sound reasoning.

A Florida appellate court has also addressed this issue in *Federal Deposit Insurance Corp. v. Panelfab International Corp.*, 501 So.2d 167 (Fla.Dist.Ct.App. 1987). In that case the court refused to allow registration of a judgment of the United States District Court for Puerto Rico. Although Florida had enacted the uniform act it had left out the language "court of the United States" in its definition of foreign judgment. The court stated:

> (O)ur review of the legislative history of the Florida Act reveals a conscious legislative intent to delete the above provision from the uniform act so as to cover the judgments of state courts, but not those of federal courts.

*Id.* at 168. This case further supports the position that the uniform act, as adopted by Iowa, does allow registration and enforcement of federal court judgments in state courts.

Western urges that, despite the literal meaning, the legislative history of the uniform act, the context in which it was developed and the concept of full faith and credit make the act's definition of "foreign judgment" somewhat ambiguous. Without developing Western's argument, we agree that it has some validity. However, the argument does not justify a departure from the plain meaning of "court of the United States" so as to exclude a federal district court. The basic purpose of the uniform act is to prevent a second trial on a judgment obtained after a full-blown trial in another court. Refusing to enforce judgments of a federal district court in another state would defeat that purpose.

## II. *Preemption.*

Appellee further argues that, to the extent chapter 626A allows registration of federal court judgments in Iowa state courts, it is preempted by federal law. We reject this contention.

Federal law allows a judgment creditor to enforce a federal court judgment by registering it in another federal district court. *See* 28 U.S.C. § 1963 (1982). Under this provision a judgment may be enforced in another federal district court, but not until the judgment is final. Thus, if an appeal is pending, the judgment may not be enforced in another district even though the judgment debtor may have failed to post a supersedeas bond or otherwise stay enforcement. *See Air Transp. Ass'n of Am. v. Professional Air Traffic Controllers Org.*, 699 F.2d 539, 543–44 (D.C.Cir. 1983). In contrast, the uniform act does allow enforcement of judgments pending on appeal unless a supersedeas bond has been filed or enforcement has been stayed. Appellee argues that application of the uniform act to federal judgments pending on appeal conflicts with a compelling federal policy against enforcement of judgments being appealed.

We hold that 28 U.S.C. section 1963 does not preempt the uniform act as we have interpreted it in this opinion. There is no express language of preemption in section 1963 nor do we believe Congress intended to preclude states from allowing enforcement of federal judgments pending on appeal in state courts. *See Keeton*, 815 F.2d at 861–62. Our conclusion is supported by the fact that, even absent the uniform act, a judgment creditor can bring a state action to enforce the federal judgment. Section 1963 is not intended to be the exclusive means of enforcing a federal court judgment, but is rather one option available to the judgment creditor. *See Urban Industries v. Thevis*, 670 F.2d 981, 985 (11th Cir.1982). Because section 1963 would not preclude a separate action on the judgment in the Iowa courts, *id.*, it does not preclude the uniform act's provisions which are designed to eliminate the waste of judicial resources entailed in a separate action.

For all the reasons stated, we reverse the ruling of the district court.

REVERSED.