I. INTRODUCTION AND FACTUAL BACKGROUND
On February 21, 1997, the plaintiffs herein obtained a judgment in the amount of $2,170,93.35 against the defendants in the United States District Court for the Eastern District of Michigan, Southern Division, 95-CV-70247-DT. On March 24, 1997, the defendant United Magazine Company filed an appeal, which is still pending, to the United States Court of Appeals for the Sixth Circuit. On July 11, 1997, the plaintiffs filed with this court a Notice of Filing of Foreign Judgment and now seek to levy all tangible and intangible non-excempt property owned by United Magazine Company including certain shares of stock in Triangle News Company, Inc. and Service News Company. CT Page 2314
The Bank of Boston Connecticut now holds such stock as a result of a perfected first priority security interest delivered pursuant to a Pledge Agreement dated January 22, 1996 and an Amended and Restated Pledge Agreement dated December 19, 1996. The plaintiffs do not dispute this interest and only seek an order that (1) they have a valid second priority interest and (2) when United Magazine's obligations to the bank are satisfied? that the bank deliver the stock certificates to the plaintiffs. The defendant argues that the plaintiffs' actions are premature since it has appealed the lower court decision. This court heard argument on December 1, 1997.
 II.
DISCUSSION
 a.
The defendant argues that the plaintiff may only register a judgment in conformance with 25 U.S.C. § 1963. That section states in part:
 A judgment in an action for the recovery of money or property entered in any district court . . . may be registered by filing a certified copy of such judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown.
Accordingly, the defendant argues that while an appeal is pending, the judgment is not final and it may not be registered. While 25 U.S.C. § 1963 addresses the procedures for registering judgments, it is widely held that this statute does not solely control that process. Keeton v. Hustler Magazine,Inc., 815 F.2d 857, 861-62 (2d. Cir. 1987); Hunt v. LibertyLobby, Inc., 707 F.2d 1493, 1498 (D.C. Cir. 1983); Bechtel Corpv. Western Contracting Corp. , 414 N.W.2d 130, 132 (Iowa 1987). Thus, a state may "choose . . . to allow registration of an out-of-state federal judgment while an appeal of that judgment is pending." Keeton v. Hustler Magazine, Inc., supra, 815 F.2d 861.
 b.
This state has adopted the Uniform Enforcement of Foreign CT Page 2315 Judgment Act (UEFJA), General Statutes §§ 52-604 et seq. "In order to enforce a foreign judgment under the UEFJA in the State of Connecticut, the judgment creditor must comply with the filing requirements of General Statutes § 52-605."[1] Mahon v.Moorman, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 329017 (Feb. 28, 1997) (Moran, J.) (18 CONN. L. RPTR 643). General Statutes § 52-606 (a), which authorizes the staying of a foreign judgment, inter alia, requires: "proof that the judgment debtor has furnished the security for the satisfaction of the judgment required by the state in which it was rendered."[2]
In Mahon, "the defendant filed the affidavit of the attorney who represented him in the New York action. . . . In the affidavit, the attorney states under oath that he filed an appeal on the defendant's behalf from the New York judgment. Further, the affiant attests that the New York appeal remains pending."Mahon v. Moorman, supra, 18 CONN. L. RPTR. 644. The affidavit, however, lacked a statement indicating that the debtor had posted security in order to stay the judgment. Id. Judge Moran held that "since the defendant has neither provided this court with proof that he has provided an undertaking to pay the sum of the judgment as required under New York law, nor demonstrated to this court any ground upon which a judgment of this court would be stayed, the defendant's motion for stay of execution is denied." (Footnote omitted.) Id. He also opined "it further appears that the defendant would need to provide proof to this court that he complied with [the New York statute governing stays] before this court would order a stay of enforcement because the New York judgment also orders the defendant to deliver certain personalty to the plaintiff." Id., 646 n. 6. See also Chase Manhattan Bank v. Goldstone, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 144986 (January 1, 1996) (Dean. J.) (15 CONN. L. RPTR. 472, 472).
"Rule 62(d) [of the federal rules of civil procedure] permits an appellant to obtain a stay by giving a supersedeas bond."[3]
11 C. Wright. A. Miller M. Kane, Federal Practice and Procedure § 2905, p. 518. The amount is governed by the local court CT Page 2316 rules in a particular district, Id., p. 521, and in the present case, it is the Federal District Court for the District of Eastern Michigan.
The present case is similar to Mahon, because the affidavit of the defendant's attorney indicates that the case is under appeal, but lacks a statement demonstrating that the debtor has posted security in order to stay the judgment rendered by the federal district court. (Affidavit of Robert M. Kincaid, Jr., Esq.)
 c.
The defendant finally argues that notwithstanding the above, Practice Book § 4046 stays any action on the judgment. That section states, in pertinent part:
 In all actions, except where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment shall be automatically stayed until the time to take an appeal has expired: if an appeal is filed, such proceedings shall be stayed until the final determination of the cause; . . . but if the judge who tried the case is of the opinion that an extension to appeal is sought or the appeal is taken only for delay or that the due administration of justice so requires that judge may at any time, upon motion and hearing, order that the stay be terminated.
The defendant's reliance on this action is misplaced, however, because the rule includes the phrase "except where otherwise provided by statute or law." In this case, as discussed above, the UEFJA is such a statute.
P.B. § 4046 also authorizes the judge who tried the case to determine whether a stay should be terminated. It is obvious that the drafters intended this rule to apply to cases tried in our courts. The rule clearly does not apply to the Michigan court and any Connecticut court cannot presume to rule on matters in the original case. As noted by the plaintiff, to adopt the defendant's argument that P.B. § 4046 stays this matter, would allow the defendant greater protection in Connecticut than in Michigan where immediate execution is permitted since United CT Page 2317 has not posted the bond.
Accordingly, for the above reasons, the defendant's objection is overruled.[4]
BERGER, J.